HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHANNA COPELAND, as guardian of Omana Thankamma,

    Plaintiff,

v.

JAYAKRISHNAN NAIR,

    Defendant.

CASE No. 2:23-cv-00190-RAJ

ORDER

## I.    INTRODUCTION

This matter comes before the Court on Defendant Jayakrishnan Nair's Notice of Removal as to King County Superior Court Case No. 21-4-04448-8 SEA (Dkt. #1-1), Defendant Nair's Motion for Leave to Proceed in Forma Pauperis ("IFP") (Dkt. # 1), and Plaintiff Channa Copeland's Motion for Remand and to Declare Defendant a Vexatious Litigant (Dkt. #5). For the reasons that follow, the Court **GRANTS** Plaintiff's motion to remand, and enters a vexatious litigant order against Defendant Nair. Defendant Nair's

ORDER- 1

IFP motion is **DENIED** as moot. Plaintiff's request for attorney fees and costs is **GRANTED.**[1]

## II. BACKGROUND

This is the sixth time Nair has attempted to remove state court guardianship involving proceedings involving Omana Thankamma to federal court. *See Nair v. Symmes, et al.*, Case No. C19-1577-MJP (Dkt. # 5-2, Ex. 2) (dismissing Copeland from the matter and stating that allegations concerning the removal and guardianship of Ms. Thankamma would not be permitted as a basis for liability in federal court); *Nair, et al. v. Copeland, et al.*, Case No. C19-1296-MJP (Ex. 14-19) (dismissing the case for lack of subject matter jurisdiction, instituting a moratorium on the initiation of motions practice by Nair, granting attorney fees to Copeland, and finding that Plaintiff's claims against Copeland were "frivolous, vexatious, and unreasonable in nature," as well as "not well-grounded in existing law"); *In re Guardianship of Omana Thankamma*, Case No. C19-1307-MJP (Ex. 12) (dismissing case for lack of subject matter jurisdiction); *Copeland v. Nair*, Case No. 2:22-cv-00485-RFB-NJK (Ex. 5, 6) (Order by the United States District Court for the District of Nevada remanding case to King County Superior Court); *Copeland v. Nair*, Case No. 2:21-cv-01035-RSM (Ex. 3) (remanding case to King County Superior Court due to lack of diversity jurisdiction and lack of federal question jurisdiction).

Defendant Nair now again attempts to remove this matter, concerning the

---

[1] Additionally, Plaintiff requests that this Court take judicial notice of the exhibits attached to the Motion for Remand. Dkt. # 5-2. The records consist of orders issued by King County Superior Court, the Washington Court of Appeals, the Supreme Court of Washington, the U.S. District Court for the Western District of Washington, and the U.S. District Court for the District of Nevada and pleadings associated with these cases. *Id.* The existence, form, and date of the pleadings, and the findings contained within the orders entered by the courts are subject to judicial notice because they are not subject to dispute or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(1)-(2); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Consequently, the Court grants Plaintiff's request.

ORDER- 2

guardianship of Ms. Thankamma, to federal court. *See* Dkt. ## 1-1, 1-2 (Proposed Notice of Removal and Petition). In his proposed Notice of Removal, Nair alleges that that his due process rights are being denied by King County Superior Court and that the guardianship case is actually a "RICO" matter. *Id.* Nair asserts that federal jurisdiction exists because of diversity amongst the parties, the amount in magnitude is over $75,000, and the matter impinges on "international treaties between USA [sic] and other sovereign nations[.]" *Id.*

On February 8, 2023, Nair filed a motion for leave to proceed *in forma pauperis*. Dkt. # 1. On February 10, 2023, this Court informed Nair that his motion was not decipherable as written and ordered Nair to revise and properly sign his motion within 20 days, or else face potential denial of IFP status or dismissal. *See* Dkt. # 4. On May 16, 2023, two letters addressed to Nair were returned to the court as undeliverable. Dkt. ## 6, 7. Nair has not filed a notice of a change of address with the Clerk's Office, as required by our Local Rules. *See* LCR 10(f).

### III.  DISCUSSION

**A.) Plaintiff's Request to Remand**

Plaintiff seeks to have this case remanded to King County Superior Court, arguing that Nair fails to establish diversity jurisdiction, the existence of a federal question, or supplemental jurisdiction. Dkt. # 5 at 6-10. This Court agrees. Removal is proper if the claim at issue arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1441(c)(A). As prior courts have held, *see* Case No. C19-1296-MJP; Case No. 2:22-cv-00485-RFB-NJK; Case No. 2:21-cv-01035-RSM, no diversity jurisdiction or federal-question jurisdiction exists in this matter. "The purpose of removal is not to repeatedly delay litigation," as Nair again attempts to do here. *Bank of New York Mellon v. Klint*, Case No. C16-1440-JCC, 2016 WL 5899310, at *1 (W.D. Wash. Oct. 11, 2016). The Court finds that Nair has not established a basis for federal jurisdiction and that Nair's most recent attempt at removal serves only to delay and create roadblocks to

resolution in state court. Plaintiff's motion for remand is **GRANTED** and this matter is **REMANDED** to King County Superior Court.

### B.) In Forma Pauperis Request

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. The Court is required to dismiss an *in forma pauperis* plaintiff's case if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

As discussed, Nair fails to establish that removal of this matter case to federal court is proper on any basis. Additionally, Nair's failure to revise and re-file his IFP application as ordered is an independent basis upon which this Court may deny his request for IFP status and dismiss this matter. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Nair's request for IFP status is therefore **DENIED.**

### C.) Vexatious Litigant Order

Plaintiff seeks to have Nair declared a vexatious litigant due to his many attempts to remove the guardianship case involving Ms. Thankamma to federal courts in Washington and Nevada. The Ninth Circuit has "recogniz[ed] that there is a strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (quotations and citation omitted). The All Writs Act, 28 U.S.C. § 1651(a), vests in district courts the inherent power to issue pre-filing orders to enjoin litigants with "abusive and lengthy histories." *Id.* In *De Long*, the Ninth Circuit established a four-part test to determine whether a pre-filing order should be issued, as such orders are an "extreme remedy" and

1  "the exception to the general rule of free access to the courts." *Id.* (citations and
2  quotations omitted).

3  First, the litigant must have notice of the order and an opportunity to oppose it;
4  second, the Court must create an adequate record for review which demonstrates that the
5  litigant's activities were numerous or abusive; third, the Court must make a substantive
6  finding of the litigant's frivolous actions; and fourth, the order must be narrowly tailored
7  to fit the specific vice encountered. *Id.* at 1147-1148. Here, the Court has an adequate
8  record of Nair's numerous frivolous filings in multiple states that show that he has filed
9  removal notices (wrongly) asserting nearly identical bases for federal jurisdiction.
10 *Compare* Dkt. # 1-1 (Case No. 2:23-cv-00190-RAJ, Notice of Removal) *and* Dkt. # 5-2,
11 Ex. 9 (Case No. 19-cv-01307-RSM, Notice of Removal) *and* Dkt. # 5-2, Ex. 4 (Case No.
12 2:22-cv-00485-RFB-NJK, Notice of Removal). This Court now makes a substantive
13 finding that Nair's continued attempts to remove the guardianship matter concerning Ms.
14 Thankamma to federal court, in spite of several orders remanding the matter to King
15 County Superior Court, are frivolous and serve only to create delay and excess costs for
16 Plaintiff.

17 However, at this time, the Court is not satisfied that Nair has received notice and
18 the opportunity to oppose the request, because mail to Nair has been returned to the
19 Court. *See* Dkt. # 6, 7. The Court, therefore, **ORDERS** Nair to **SHOW CAUSE** why a
20 vexatious litigation bar order should not be issued against him in the Western District of
21 Washington. Nair's response is due no later than **21 days** from the date of this Order.
22 The order will include the following provisions: Nair must seek and obtain this Court's
23 written permission prior to bringing any removal action or federal action related to
24 Omana Thankamma. In seeking this Court's permission, Nair must establish that his
25 filings have sufficient merit to proceed. If Nair fails to make such a showing, or the
26 notice of removal or complaint suffers from the same defects presented in Nair's prior
27 federal filings, this Court may deny permission or dismiss any removal action or federal

action.

Failure on the part of Nair to file a response will result in the issuance of the above bar order.

**D.) Attorney Fees**

Under 28 U.S.C. § 1447(c), the Court may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015).

The Court "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). Nair, despite several prior orders establishing that this matter is properly in state court, has again attempted removal. This has resulted in the unnecessary expenditure of resources by both Plaintiff and the Court. The Court finds that Nair lacked an objectively reasonable basis for removal and that attorney fees are warranted here. The Court, therefore, **GRANTS** Plaintiff's request for an award of fees and costs. Plaintiff must file supporting documentation for the attorney's fees within **ten (10) days** of the date of this Order. Defendant will then have **five (5) days** to make any objections.

//
//
//
//
//
//

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's motion for remand is **GRANTED.** This matter is remanded to King County Superior Court. Defendant Nair's request for IFP status is **DENIED.** Further, Defendant Nair is **ORDERED** to **SHOW CAUSE** why a vexatious litigation bar order should not be issued against him in the Western District of Washington. Nair's response is due no later than **21 days** from the date of this Order.

Plaintiff is awarded attorney's fees and costs associated with this motion. Plaintiff must file supporting documentation for the attorney's fees within **ten (10) days** of the date of this Order. Defendant will then have **five (5) days** to make any objections.

DATED this 7th day of June, 2023.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge