HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHANNA COPELAND, as guardian of Omana Thankamma,<br><br>             Plaintiff,<br><br>       v.<br><br>JAYAKRISHNAN NAIR,<br><br>             Defendant. | CASE No. 2:23-cv-00190-RAJ<br><br>ORDER |

I.)    **Introduction and Background**

This matter comes before the Court on Defendant Jayakrishnan Nair's (Defendant or "Nair") motion to reconsider this Court's June 7, 2023 Order granting Plaintiff's motion to remand and granting attorneys' fees to Plaintiff. Dkt. # 14. Further, Defendant provides a response to this Court's order to show cause and opposes its award of attorneys' fees and costs to Copeland. *Id.* If this Court finds Nair's motion for reconsideration to be untimely filed, Defendant instead seeks relief from this Court's Order under Federal Rule of Civil Procedure 60(b)(1). *Id.* at 4.

In February 2023, Nair filed a motion to proceed *in forma pauperis* and sought to remove the King County Superior Court (KCSC) guardianship proceeding concerning

Omana Thankamma to federal court. Dkt. ## 1, 1-1, 1-2. Nair alleged that his constitutional rights were denied by KCSC and that the ongoing guardianship and probate matter was in fact a "RICO" case. Dkt. # 1-1. Nair invoked federal jurisdiction, alleging that the parties are of diverse citizenship and that the amount in controversy was greater than $75,000. *Id.* This was the sixth time that Nair sought to remove the state court proceedings. Dkt. # 8 at 2 (detailing Nair's prior attempts to remove guardianship proceedings involving Omana Thankamma to federal court). In each instance, federal courts remanded the case to state court, citing a lack of subject matter jurisdiction and lack of diversity jurisdiction. *Id.* Several courts granted to Copeland attorney fees in connection with the remand proceedings and noted that Nair's actions were "frivolous" and "vexatious." *Id.* On June 7, 2023, this Court entered an order granting Plaintiff's motion to remand, granting Plaintiff's request for attorneys' fees, and ordering Nair to show cause why a vexatious litigant bar order should not be entered against him. *Id.* at 7.

**II.) Request for Reconsideration**

On June 26, 2023, Nair filed a motion for reconsideration of this Court's Order. Dkt. # 14. Nair concedes that his motion for reconsideration was untimely filed under the District's Local Rules, which require that motions for reconsideration be filed within fourteen days after the order to which it relates is filed. LCR 7(h)(2). However, Nair represents that he was not served with notice of Plaintiff's motion to remand and that he did not learn of the existence of this Court's order until June 12, 2023.[1] Dkt. # 14 at 3. He asks that this Court begin the count under LCR 7(h)(2) on June 12.

However, even if this Court were to excuse the untimeliness of Nair's motion, the undersigned would still be compelled by the Local Rules to deny the motion. Motions for reconsideration are governed by LCR 7(h), which provides the following:

---

[1] This Court noted that court mail addressed to Mr. Nair was returned as undeliverable multiple times, and it appeared that Mr. Nair did not file a notice of change of address with the Clerk's Office, as required by our Local Rules. Dkt. # 8 at 3.

ORDER- 2

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

LCR 7(h)(1).

Here, in the instant motion for reconsideration, Nair again argues that diversity jurisdiction exists because Ms. Thankamma is in fact a citizen of India. Dkt. # 14 at 10. Nair alleges that property worth nearly $10 million has been taken from him in the guardianship proceedings, and that King County Superior Court has "relied on actions of third parties and meritless opinions of Plaintiff based on American culture." *Id.* at 7. Nair accuses the state courts of "participat[ion] in the isolation of [Ms. Thankamma] from her children and home country" and accuses KCSC of improperly granting a request for recovery of supposedly embezzled funds and depriving Nair of his due process rights. *Id.* at 7, 13.

At bottom, Nair's repeated and conclusory arguments again fail to establish diversity jurisdiction under 28 U.S.C. § 1332 or the existence of a federal question under 28 U.S.C. § 1331. Nair fails to present new facts or legal authority compelling a different result, as his arguments have been considered—and rejected—time after time. Nair's motion for reconsideration of this Court's remand order is therefore **DENIED.**

//
//
//
//
//
//
//
//

ORDER- 3

### III.) Conclusion

Nair has failed to demonstrate manifest error in the Court's prior ruling or new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Therefore, the Court **DENIES** Nair's motion for reconsideration. Dkt. # 14.

This Court will address the pending order to show cause why a vexatious litigant bar should not be entered against Nair and the amount of attorneys' fees to be awarded to Copeland in a subsequent order.

DATED this 7th day of November, 2023.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER- 4