UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHANNA COPELAND,<br><br>               Petitioner,<br><br>   v.<br><br>JAYAKRISHNAN K. NAIR,<br><br>               Respondent. | Case No. C23-0190-RAJ<br><br>REPORT AND RECOMMENDATION |

    This matter comes before the Court on Respondent Jayakrishnan Nair's motion to proceed *in forma pauperis* (IFP) on appeal. Dkts. 26 & 31. Because the Court finds that Respondent's appeal to the Ninth Circuit is frivolous and taken in bad faith, it recommends that the motion, Dkt. 26, be DENIED.

    A litigant who cannot afford the expense of an appeal may move for leave to proceed IFP. Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(1). But "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). A "good faith"

1  appeal must seek review of at least one "non-frivolous" issue or claim. *Id.* An issue is
2  "frivolous" where it "lacks an arguable basis either in law or in fact." *Neitze v. Williams*, 490
3  U.S. 319, 325 (1989). Legally frivolous claims are those "based on an indisputably meritless
4  legal theory," such as claims against defendants who are immune from suit or for infringement of
5  a legal interest that clearly does not exist. *Id*. at 327. Factually frivolous claims are those
6  premised on "clearly baseless" factual contentions, such as claims "describing fantastic or
7  delusional scenarios." *Id*. at 327–28.

8  Respondent has not shown that he has brought his appeal in "good faith" because he fails
9  to seek review of at least one "non-frivolous" issue or claim. *Hooker*, 302 F.3d at 1092. On
10 February 8, 2023, Respondent filed a motion for leave to proceed IFP and a notice of removal in
11 this Court, seeking to remove this state law guardianship case from King County Superior Court
12 on diversity and federal question jurisdiction grounds. Dkts. 1, 1-1, 1-2. Respondent alleged
13 that this matter "impinges on international treaties between USA and other sovereign nations,"
14 that his due process rights are being denied by King County Superior Court, and that the
15 guardianship case is actually a "RICO" matter. Dkt. 1-1 at 1–2.

16 On June 7, 2023, this Court entered an order finding that removal was improper on all
17 potential bases and remanding this matter to King County Superior Court. *See* Dkt. 8. In doing
18 so, the Court noted that this is the sixth time Respondent had attempted to remove state court
19 guardianship proceedings involving the same parties to federal court and that this "most recent
20 attempt at removal serves only to delay and create roadblocks to resolution in state court." *Id.* at
21 2, 3–4. The Court also denied Respondent's IFP request as frivolous and granted Petitioner's
22 request for fees and costs incurred in opposing Respondent's objectively unreasonable attempt at

removal. *Id.* at 4, 6.  By separate order, the Court declared Respondent a vexatious litigant.  *See* Dkt. 21.

On June 26, 2023, Respondent filed an untimely motion for reconsideration, again arguing removal was proper on diversity and federal question jurisdiction grounds.  Dkt. 14 at 7, 10, 12–13.  The Court denied that motion, finding that Respondent's "repeated and conclusory arguments again fail to establish diversity jurisdiction under 28 U.S.C. § 1332 or the existence of a federal question under 28 U.S.C. § 1331."  Dkt. 19 at 3.  Respondent now seeks to appeal the Court's orders denying reconsideration, awarding Petitioner fees and costs, and declaring Respondent a vexatious litigant.  Dkt. 25.

Because Respondent's appeal is premised on the same baseless legal and factual contentions as the notice of removal, the Court finds that no issue or claim Respondent wishes to appeal is "non-frivolous," *Hooker*, 302 F.3d at 1092, meaning the proposed appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3).  Thus, the Court recommends that Respondent's motion to proceed IFP on appeal, Dkt. 26, be DENIED.

Dated this 26th day of February, 2024.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3