HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHANNA COPELAND, as guardian of Omana Thankamma,

        Plaintiff,

v.

JAYAKRISHNAN NAIR,

        Defendant.

CASE No. 2:23-cv-00190-RAJ

ORDER

**I.    INTRODUCTION AND BACKGROUND**

This matter comes before the Court on a limited remand from the Ninth Circuit concerning Jayakrishnan Nair's ("Nair") potential motion for an extension of time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5). Dkt. # 34.

On February 8, 2023, Nair, proceeding *pro se*, filed a notice of removal seeking to remove a King County Superior Court case concerning the guardianship of Omana Thankamma to federal court on the grounds of diversity and federal question jurisdiction. Dkt. # 1. Channa Copeland ("Copeland"), guardian of Omana Thankamma, soon thereafter filed a motion for remand and to have Nair declared a vexatious litigant. Dkt. # 5. In her motion, Copeland detailed Nair's multiple prior attempts to remove the state

ORDER- 1

court matter to federal courts in Washington and Nevada. This Court granted Copeland's motion to remand, remanded the matter back to King County Superior Court, and awarded Copeland attorney's fees in connection with her motion. Dkt. # 8. Further, this Court ordered Nair to show cause why a vexatious litigation bar should not be issued against him in this District. *Id.* Nair, through counsel[1], filed a motion for reconsideration of this Court's order remanding the matter to state court. Dkt. # 14. This Court denied Nair's request for reconsideration, noting that the request was untimely and, in any event, lacked merit. Dkt. # 19. On November 8, 2023, the Court held a virtual status hearing and heard oral argument from the parties regarding the order to show cause and the amount of attorney's fees to be awarded to Copeland. Dkt. # 20. At the status hearing, the parties apprised this Court as to the death of Ms. Thankamma. *Id.* At the conclusion of the hearing, the Court found Nair to be a vexatious litigant. *Id.* The Court's oral findings were followed by a November 14 written order granting attorney's fees in the amount of $8,796.00 and the entry of a vexatious litigation bar against Nair that requires him to seek and obtain this Court's written permission prior to bringing any removal action or federal action related to Ms. Thankamma. Dkt. # 21.

Nair, again proceeding *pro se*, filed a notice of appeal of the attorney's fees and vexatious litigant order and the order denying reconsideration on December 21, 2023—36 days after this Court's November 15, 2023 Judgment. Dkt. ## 22, 25. With the Notice, Nair filed an "Explanation for Pro Se Late Filing of Notices of Appeal Due to Exigent Inescapable Extraneous Circumstances as a Victim of Hate Crimes and Fraud." Dkt. # 25 at 3. In the "Explanation," Nair alleges that he has been disabled and "having a nervous breakdown" since his "mother was brutally murdered on July 31, 2023…" *Id.* Nair further alleges that his pro bono attorney who represented him in November 2023 did not

---

[1] Nair's former counsel, Shanece Dedeaux, entered an appearance on June 22, 2023, and filed a notice of withdrawal on January 3, 2024.

ORDER- 2

1  forward this Court's pertinent orders (Dkt. ## 19, 21, 22) to him due to his "suicidal
2  condition." *Id.* at 6. And because he had not paid a filing fee, he lacked access to PACER
3  and to electronic service. According to Nair, he only learned of this Court's orders when
4  his sister noticed the November 2023 judgment on her own PACER account.[2] *Id.* Nair
5  asserts that he filed the notices of appeal as soon as he was made aware of this Court's
6  orders.

7  On December 21, 2023 and February 21, 2024, Nair filed a motion to proceed *in*
8  *forma pauperis* on appeal, which was referred to the Honorable S. Kate Vaughan. Dkt. ##
9  26, 31. Judge Vaughan's Report and Recommendation is ripe for consideration. Dkt. #
10 33. On January 8, 2024, the Ninth Circuit Court of Appeals observed that Nair's notice of
11 appeal was not filed in the district court within 30 days after the entry of this Court's
12 judgment, and ordered Nair to move for voluntary dismissal or show cause why his
13 appeal should not be dismissed for lack of jurisdiction within 21 days. Case No. 23-4460
14 (9th Cir.), ECF No. 3. Nair's statement in response to the Court's order pointed to the
15 "Explanation" that he filed with this Court along with his notice of appeal. *Id.*, ECF No.
16 5. Copeland then filed a motion to dismiss Nair's appeal, arguing that Nair had proper
17 notice and failed to timely appeal, and further failed to act within 21 days of the Court's
18 January 8, 2024 order. *Id.*, ECF No. 6.

19 On March 1, 2024, the Ninth Circuit remanded this matter for the limited purpose
20 of considering whether Nair's December 21, 2023 notice of appeal constitutes a timely
21 motion for extension of time to appeal pursuant to Federal Rule of Appellate Procedure
22 4(a)(5), and stayed all briefing pending further order of the Court. *Id.*, ECF. No. 9. The
23 Court considers Mr. Nair's December 21, 2023 filing at this time.

---

[2] Nair states that his sister's PACER account transcript receipt is attached to his filing as "Exhibit C," but the Court cannot locate this exhibit on the docket.

## II. ANALYSIS

The Federal Rules of Appellate Procedure provide that a notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). However, the Court may extend the deadline if a party moves for an extension of time within thirty days after the time prescribed for filing a notice of appeal in Rule 4(a), and "shows excusable neglect or good cause." Fed. R. App. 4(a)(5)(A). Here, Nair filed his notice of appeal on December 21, 2023—36 days after this Court's November 15, 2023 Judgment. Dkt. ## 22, 25. Therefore, this Court may construe Nair's filing as a timely request to extend time.

When considering whether there has been excusable neglect, the Court applies the test put forth in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). The Court must consider the relevant circumstances, and four factors, including: "(1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc) (applying *Pioneer* test to Federal Rules of Appellate Procedure 4(a)(5)). Ultimately, the determination is an "equitable one." *Pioneer*, 507 U.S. at 395.

The first factor favors Copeland, the non-moving party. "Prejudice requires greater harm than simply that relief would delay resolution of the case." *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009). It is true that the parties would experience delay in reaching resolution should this Court find excusable delay on the part of Nair. However, Nair's history of fruitless attempts to remove the state court guardianship proceeding to federal court (and the attendant time and resources spent by Copeland in seeking remand on multiple occasions and in more than one venue) simply add to the prejudice to Copeland and would put ultimate resolution even further out of reach. *See* Dkt. # 8 at 2

(detailing Nair's five prior attempts to remove the guardianship matter to federal court). The second factor favors Nair, as the length of the delay—six days—is minimal.

The third factor, reason for delay, does not favor Nair. Nair was represented by counsel at the November 8, 2023 hearing during which this Court granted Copeland's request for fees and found that a vexatious litigant bar against Nair was appropriate. Dkt. # 20. Nair asserts that he was unaware of the orders because he went into a "complete nervous breakdown," and "[k]nowing my suicidal condition, and perhaps fearing the worst [counsel] DID NOT forward me the judgments by Judge Jones on [sic] November." Dkt. # 25 at 4. However, Nair provides no documentation of his nervous breakdown or of the date that he received actual notice of the November orders via his sister, which Nair claims he has filed with this Court. This Court finds Nair's attempt to shift blame to his attorney unpersuasive. *See Mora v. Burn and Plastic Hand Clinic*, No. C23-1008JLR, 2024 WL 916488, at *2 (W.D. Wash. Mar. 4, 2024) ("This Court is not persuaded by [plaintiff's] attempt to shift blame to an unnamed attorney."). Nair's delay is especially unreasonable given that he filed a notice of appeal to the Ninth Circuit in another case pending in this district during the operative time period.[3] *See Nair et al. v. Toth et al.*, Case No. 2:23-cv-00454-TL, Dkt. 20 (November 20, 2023 Notice of Appeal listing Nair as appellant). Finally, this Court considers whether Nair's conduct was in good faith. This factor weighs against Nair. Previous courts have rejected Nair's many attempts at removal, and his actions have been found to be "frivolous, vexatious, and unreasonable in nature." *See Nair, et al. v. Copeland, et al.*, Case No. C19-1296-MJP. Nair's errors stem not from "negligence and carelessness," but instead are based in

---

[3] In 2023, Nair filed a complaint against Copeland and approximately 70 other individuals and entities concerning the late Ms. Thankamma and her estate. *Nair et al. v. Toth et al.*, Case No. 2:23-cv-00454-TL, Dkt. # 1. Judge Lin dismissed Nair's complaint, Dkt. ## 12, 13, 19, and Nair filed a notice of appeal on November 20, 2024. Dkt. # 20. Nair's appeal is now pending before the Ninth Circuit. Case No. 23-3682.

"deviousness or willfulness," *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1225 (9th Cir. 2000), as evidenced by his ongoing campaign to turn a state court guardianship proceeding into a federal matter in spite of multiple federal courts holding to the contrary.

### III. CONCLUSION

Accordingly, the factors before this Court, including those articulated in *Pioneer*, weigh against Nair's request, and Nair has not established or articulated good cause. The Court therefore **DENIES** Nair's request for an extension of time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5). Dkt. # 25. The Clerk shall serve a copy of this decision on the Court of Appeals for the Ninth Circuit at its earliest convenience.

DATED this 19th day of March, 2024.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge